UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-CR-0157 (PJS/DLM) |
| Plaintiff, | |
| v. | ORDER |
| ARMOND QUINTON WRIGHT, | |
| Defendant. | |

---

Kristian C.S. Weir and Thomas Calhoun-Lopez, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

R.J. Zayed and Luke Wetterstrom, DORSEY & WHITNEY LLP, for defendant.

This matter is before the Court on defendant Armond Wright's objection to the November 25, 2024, Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko. Judge Micko recommends denying both Wright's motion to dismiss and his motion to suppress. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Based on that review, the Court overrules Wright's objection and adopts the R&R.

Only one point merits comment: Wright objects to the R&R's conclusion that his motion to suppress evidence discovered by HCMC medical staff was untimely and lacked merit. Wright argues that the government had the burden of proving that the

"search" of Wright conducted by emergency-room staff at HCMC was reasonable, and that the government failed to meet its burden.

The government does indeed have the burden of introducing evidence establishing the legality of a search, *but only if the government knows that the defendant is challenging the search*. In his initial motion to suppress, Wright failed to identify HCMC's discovery of suspected methamphetamine secreted around Wright's groin as a target of the motion. Instead, Wright's motion focused exclusively on the arrest and search conducted after police found him unconscious at the wheel of an idling car in the middle of a road. Accordingly, Judge Micko held an evidentiary hearing—and the government introduced evidence—regarding the actions of law enforcement *that Wright had challenged*. (The government did not present live testimony because the parties agreed that there was no real dispute about the relevant facts.) Judge Micko then ordered supplemental briefing on a schedule that omitted the usual time for a transcript of the hearing to be prepared, as there was no need given the parties' agreement as to the (non-testimonial) evidence the Court should consider.

Wright challenged the HCMC search for the first time in his supplemental brief, despite not raising the issue in any of his previous filings or at the evidentiary hearing. Wright now asks the Court to ignore the (basically conceded) untimeliness of his challenge to the HCMC search and to proceed to the merits of his claim that the

government did not meet its burden to show that the warrantless HCMC search was reasonable. But the untimeliness of Wright's challenge is intertwined with its merits. Wright complains of a lack of evidence regarding the HCMC search, but the government had no *reason* to present such evidence because Wright had not told anyone that he was challenging the legality of that search. *See* R&R at 10 ("[The HCMC search] issue was not a subject of this Court's motions hearing whatsoever."). Wright cannot now object to a dearth of evidence that he himself induced. Had Wright complied with Local Rule 12.1(c)(1)(B)—which required his motion to suppress evidence "to identify that evidence and the nature of the challenge"—the government would have known to introduce evidence regarding the HCMC search.

Because Wright's challenge to the HCMC search was untimely, the Court overrules Wright's objection and adopts the R&R.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's objection [ECF No. 46] is OVERRULED.

2. The Report and Recommendation [ECF No. 45] is ADOPTED.

3. Defendant's motion to suppress [ECF No. 23] and motion to dismiss [ECF No. 24] are DENIED.

Dated: January 10, 2025

_____
Patrick J. Schiltz, Chief Judge
United States District Court